IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**KIM ANTHONY POLONCZYK**                                              **PLAINTIFF**

**VERSUS**                                              **CIVIL ACTION NO. 1:10cv250-LG-RHW**

**UNITED STATES SOCIAL**
**SECURITY DISABILITY**                                              **DEFENDANT**

## REPORT AND RECOMMENDATION

Before the Court is [36] the November 29, 2010 motion to dismiss filed by the Commissioner of Social Security Michael J. Astrue (Commissioner), and [38] Plaintiff's December 9, 2010 response. The Commissioner moves for dismissal on grounds that Plaintiff failed to exhaust his administrative remedies and therefore has received no final decision of the Commissioner which is required for judicial review under 42 U.S.C. § 405(g). Although Plaintiff has filed a number of "dispositive" motions, none of them addresses the threshold issue presented by the Commissioner's motion.[1]

### Procedural History and Facts

Kim Anthony Polonczyk filed his complaint in this case on June 2, 2010, requesting that a federal judge provide him his right to a hearing on his disability claim and review of

---

[1] In motion [24] Plaintiff complains about the factual finding of onset of disability in 2009 instead of 1990 in an ALJ decision of September 15, 2010 and asks the Court to punish the parties who have mishandled his applications for benefits over the years. In motion [25] he complains of the 1998 discontinuance of his disability benefits and assessment of an overpayment against him, of the September 15, 2010 factual finding that the onset of disability was January 26, 2009 rather than 1990, and of the ALJ's recommendation that his case be reviewed in 24 months. In motion [26] Plaintiff requests an "emergency order" to preclude Social Security from taking any action to recover the claimed overpayment. In motion [32], styled a motion for summary judgment and/or change of venue, Plaintiff requests sanctions against the Social Security Disability Department, and seeks permission to re-file his lawsuit in Alabama if this Court cannot give him the entirety of the remedies he seeks. In motion [40] Plaintiff complains of the discontinuance of benefits in 1998, recounts his 2003 arrest in Texas and diagnosis of psychiatric problems in 2004, and acknowledges he was again awarded disability benefits in 2010. In motions [41] and [42] Plaintiff asks the Court to take judicial notice and rule in his favor granting him all remedies requested in his motions and complaints.

proceedings before the Department of Social Security and the "Mississippi Disability Department." Polonczyk alleged the Administrative Law Judge [ALJ] ignored letters from a neurosurgeon who performed surgery on him in 1990, from the head of a rehabilitation hospital where Polonczyk spent 8 months,[2] and from a neurosurgeon who recently examined Plaintiff. Polonczyk's primary complaint seems to be with an ALJ factual finding of onset of disability in January 2009 rather than in November 1990, and an ALJ recommendation for review in 24 months as improvement may occur with proper medical management. Attached as Exhibit 2 to the complaint are two of the six pages of a May 10, 2010 "Notice of Attorney Advisor Decision – Fully Favorable," on Polonczyk's "application(s) for a period of disability, disability insurance benefits, and Supplemental Security Income," finding that Polonczyk's disability began on January 26, 2009. [1-2, pp. 1-2]

The remainder of the complaint recounts Polonczyk's experiences in Texas, Louisiana and Mississippi, most undated, but some bearing dates varying from 1998,[3] to 2003,[4] to 2007 when the State of Louisiana sent him to a psychologist "practicing to be a voodoo doctor" who told Polonczyk his (the doctor's) job was to get Polonczyk back to work. Polonczyk alleges he tried to hold jobs for ten years, that he had lost 13 jobs by 2007, and had kept a job in Mississippi from November 2007 to October 2008. He was going to accept another job, but needed to take a welding test before training, and on January 26, 2009, as he was returning home from community

---

[2]Polonczyk attaches as an exhibit to his complaint a February 12, 2003 letter from Dr. Noel Rao of Marianjoy Rehabilitation Hospital which states Polonczyk was totally disabled from November 17, 2009 to "present." [1-1]

[3]Polonczyk says the state of Texas found he was not disabled in 1998, and the Social Security Department claimed he had received a $9500 overpayment.

[4]He states he was arrested and charged with a crime in Fort Worth, TX in 2003. He attaches as an exhibit to his complaint a November 27, 2002 Fort Worth Police Department offense/incident report detailing an incident where he was charged with making death threats to a bank president. [1-3]

college, he had a seizure.[5] He twice mentions receiving notices from Social Security that his case(s) had been dismissed because he did not appear for the hearing(s).

Polonczyk asks the Court to review his disability records, to charge all Social Security personnel involved in his claims in Texas, Louisiana and Mississippi with deliberate attempts to keep disabled persons from receiving benefits, to enjoin Social Security from withholding monies to recoup the overpayment it claims he received and return any monies withheld to satisfy the overpayment. He also suggests that he be awarded $384,000.00 ($1600.00 per month for 20 years), $9500.00 for the overpayment collected, $15,000.00 for unpaid medicare, and $135,000.00 for the loss of vehicles from 1998-2009 (5 vehicles at $27,000.00 each). [1] Although the complaint is difficult to follow, the undersigned perceived Plaintiff's complaint as one seeking review of a decision of the Commissioner of Social Security.

Since commencing this lawsuit, Polonczyk has been a prolific filer, his motions account for 23 of the 46 numbered docket entries in the case to date. On September 27, 2010, Polonczyk filed motion [24] requesting that the Court accept his dispositive motion and rule in his favor, attaching as exhibits to the motion a September 15, 2010 decision of the ALJ finding Polonczyk *is* disabled for purposes of Social Security disability benefits and Supplemental Security Income [24-1], pp. 2-9], and Polonczyk's September 22, 2010 letter to the Social Security Administration requesting review of that decision. [24-1, pp. 12-14] Because these documents indicated Polonczyk's claim was ongoing, and no final decision had been entered, on November 1, 2010, the Court entered [33] an order requiring Polonczyk to show cause why the case should not be dismissed as prematurely filed. Polonczyk's response [35] indicates it is the 1998 discontinuance

---

[5]Attached to his complaint is a Biloxi Police Department motor vehicle accident report dated 1/26/2009, regarding an incident wherein Polonczyk apparently had a seizure while driving his car, ran off the road and struck a utility pole. [1-4, pp. 1-4]

of benefits in Texas,[6] and the alleged overpayment "which they have been collecting since 1999" which he wishes this Court to review, as he claims his impairment has lasted for over 20 years and can be expected to last for the remainder of his life. [35, p. 6] Plaintiff's pleadings indicate that he has filed for disability benefits on numerous occasions in Texas, Louisiana, Mississippi and perhaps Arkansas. His response to the show cause order also challenges administrative proceedings in his ongoing claim, which are not properly before this Court for review.

The Motion to Dismiss

On November 29, 2010, the Commissioner moved to dismiss this action for lack of subject matter jurisdiction due to Polonczyk's failure to exhaust his administrative remedies, and the absence of a "final decision" for review by this Court as required by 42 U.S.C. § 405(g). In support of the motion, the Commissioner presents the declaration of Patrick J. Herbst, Chief of Court Case Preparation and Review Branch 4 of the Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration. The affidavit establishes that Mr. Herbst is responsible for processing claims under Titles II and XVI of the Social Security Act when a civil action is filed in Mississippi, and he has custody of the electronic records maintained by the Social Security Administration relating to Polonczyk's claim. Mr. Herbst has examined those records, and avers the record shows that on July 20, 2007, Polonczyk filed applications for disability insurance benefits and supplemental security income. Those claims were denied by State agency on September 5, 2007. Polonczyk filed a request for hearing on October 16, 2007, and the hearing was set for September 17, 2008 [36-3, p. 2-12]. When Polonczyk failed to appear for the hearing, his case was dismissed. The October 8, 2008 order of

---

[6]Plaintiff's pleadings indicate he was placed on total permanent disability in 1990 following rupture of an arterial venous malformation on the brain resulting in hemorrhage, and requiring surgeries and rehabilitation. He states that Texas took him off disability in 1998 without providing him a hearing. [35, p. 8]

dismissal advised Polonczyk that if he wished to appeal that decision, he had to do so within 60 days. [36-2, pp. 2-5] Over four months later, on February 20, 2009, Polonczyk filed a request for review, which the Appeals Council dismissed as untimely filed. [36-1, pp. 10-12]

In the meantime, on January 27, 2009, Polonczyk had filed another application for disability benefits, and he filed another application for supplemental security income on November 16, 2009. With respect to these 2009 applications, on May 7, 2010, an attorney advisor issued a fully favorable decision, finding Polonczyk disabled as defined under the Social Security Act since January 26, 2009. [36-1, pp. 14-21] Polonczyk filed this action June 2, 2010.

The Commissioner asserts Plaintiff has failed to show the Court has subject matter jurisdiction in this case. The party asserting jurisdiction, in this case Mr. Polonczyk, bears the burden of proof that jurisdiction exists. In *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), the Fifth Circuit stated:

> Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Barrera-Montenegro v. United States,* 74 F.3d 657, 659 (5th Cir.1996).

In this case, the undersigned is of the opinion that the Court lacks subject matter jurisdiction to review the matters set out in Plaintiff's complaint. This finding is based upon the complaint supplemented by the undisputed facts established by Mr. Herbst's affidavit and its attached exhibits, as well as by the other official records presented as exhibits to the Commissioner's motion to dismiss.

This Court's jurisdiction to review decisions of the Commissioner of Social Security is limited exclusively to that provided by statute:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405 (g). The statute plainly requires a "final decision" by the Commissioner, made after a hearing to which the claimant was a party, and the filing of the civil action for judicial review within sixty days after notice of the "final decision" is mailed to the claimant. While the Social Security Act does not define "final decision," the regulations promulgated by the Commissioner require that a claimant complete a four-step administrative review process to obtain a judicially reviewable final decision: (1) initial determination, (2) reconsideration, (3) administrative hearing, and (4) Appeals Council review. See, 20 C.F.R. §§ 404.900, 416.1400. Polonczyk failed to complete the four-step process for his July 20, 2007 application for benefits. His failure to appear for the administrative hearing on that claim curtailed the process, no hearing was conducted, his request for hearing was dismissed, and he failed to timely seek review of that dismissal by the Appeals Council. Because no hearing took place, the Commissioner rendered no "final decision," and this Court does not have jurisdiction to review those proceedings. No judicially reviewable final decision results from dismissal of a request for an administrative hearing, and refusal by the Appeals Counsel to review that decision. 20 C.F.R. §§ 404.959 and 416.1459 ("dismissal of a request for a hearing is binding, unless it is vacated by an administrative law judge or the Appeals Council"); *McQueen v. Barnhart*, 365 F.Supp.2d 798, 802 (S.D. Tex. 2004)("McQueen's failure to appear at his administrative hearing precludes him from obtaining a "final decision" of the Commissioner and, consequently, judicial review of his case"). The dismissal of Polonczyk's request for a hearing has not been vacated by an administrative law judge or the Appeals Council. He has therefore failed to exhaust the

administrative process with respect to his July 20, 2007 application for benefits, and has obtained no "final decision" subject to review by this Court.

The statutory authority for judicial review does not allow this Court to revisit all Plaintiff's past applications for disability benefits dating back to 1990.[7] To the extent that Polonczyk is seeking review of the 1998 Texas cessation of, or refusal to reinstate, his disability benefits or the assessment of an overpayment against him,[8] the present litigation was filed far too late. To the extent that he seeks to have this Court review his presently ongoing claim, for which the ALJ has entered a *fully favorable decision*, the present litigation is premature.

## RECOMMENDATION

Upon consideration of all pleadings on file, the briefs and memoranda submitted by the parties, and the controlling law, the undersigned is of the opinion that the Court lacks subject matter jurisdiction to review the matters set out in Plaintiff's complaint. Accordingly, the undersigned recommends that [36] the Commissioner's motion to dismiss be granted, and this case be dismissed. The undersigned further recommends that Plaintiff's purported dispositive motions [24], [25], [26], [32], [40], [41], and [42] be denied.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3), *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party who

---

[7] Virtually all Plaintiff's motions in this case assert that he has been disabled since 1990, despite the fact that he admittedly worked at various jobs since that time.

[8] This appears to be what Polonczyk is arguing, at least in part, in motions [24], [25], [26] and [40], as well as the underlying foundation of [29], [30], [31], [32], [39], [41] his motions regarding subpoenas for information from "Social Security San Antonio Texas."

objects to this Report and Recommendation must, within fourteen (14) days after being served a copy of the Report and Recommendation, file with the Clerk of this Court his written objections to the Report and Recommendation, and must serve them upon the other parties and submit them to the assigned District Judge.  Within seven (7) days of service of the objection, the opposing party must either serve and file a response or notify the District Judge that they do not intend to respond to the objection.  An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects; the District court need not consider frivolous, conclusive, or general objections.  A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed, this the 3rd day of March, 2011.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE