IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| KIM ANTHONY POLONCZYK | § | PLAINTIFF |
| | § | |
| v. | § | Civil Action No. 1:10cv250-LG-RHW |
| | § | |
| UNITED STATES SOCIAL | § | |
| SECURITY DISABILITY | § | DEFENDANT |

ORDER ADOPTING REPORT AND RECOMMENDATION
AND DENYING MOTION TO CHANGE VENUE

**BEFORE THE COURT** are the Report and Recommendation [47] entered by United States Magistrate Judge Robert H. Walker on March 3, 2011, the Motion to Change Venue [49] filed by Kim Anthony Polonczyk, and the Motion to Strike [53] filed by Polonczyk. Judge Walker recommends that the Motion to Dismiss [36] filed by Michael J. Astrue, Commissioner of Social Security, should be granted and that this case should be dismissed for lack of subject matter jurisdiction. He further recommends that Polonczyk's dispositive Motions [24], [25], [26], [32], [40], [41], and [42] be denied. Polonczyk filed an objection to the Report and Recommendation and a Motion to Change Venue [49]. He also filed a Motion to Strike [53] the Commissioner's response to his Motion to Change Venue. Upon reviewing the submissions of the parties and the applicable law, the Court adopts the Report and Recommendation and finds that the Motion to Change Venue and to Strike should be denied.

DISCUSSION

Polonczyk filed a *pro se* Complaint against the United States Social Security

Administration on June 2, 2010. He suffered a brain hemorrhage in November of 1990, that resulted in brain damage and a seizure disorder. He states that he was initially awarded disability benefits, but the state of Texas determined that he was not disabled in 1998. He explains that he tried to work over the next ten years in Texas, Louisiana, and Mississippi, but he was only able to maintain a job for eight of those years. He managed to keep his most recent job in Mississippi from November 2007 until October 2008, and he was going to accept another position. However, he suffered a seizure while driving on January 26, 2009, and was involved in a traffic accident.

He had filed applications for disability insurance benefits and supplemental security income on July 20, 2007, which were denied on September 5, 2007. He requested a hearing, and a hearing was scheduled for September 17, 2008, but all of the correspondence that was sent to Polonczyk was returned as undeliverable. As a result, he did not appear for the hearing, and an order of dismissal was entered on October 8, 2008. He did not attempt to appeal the dismissal until February 20, 2009. The appeal was denied as untimely.

During this time, Polonczyk had filed another application for benefits. An attorney advisor entered a fully favorable decision on May 7, 2010, finding that Polonczyk has been under a disability as defined in the Social Security Act since January 26, 2009. The attorney advisor stated, "A medical review in 24 months is recommended, as improvement may occur with proper medical management."

Polonczyk's Complaint and pleadings are somewhat difficult to follow, but he disputes the competency of medical professionals relied upon by the Social Security

Administration (SSA), claiming that they were not medical doctors and that one of the psychologists was practicing voodoo. He also claims that he should not be penalized for failing to attend a hearing, because the Commissioner admits that he did not receive notice of the hearing. He also complains that his tax refunds have been taken due to overpayment of benefits and that the SSA has destroyed evidence related to his claim. He primarily disputes the most recent determination by the attorney advisor that he has been disabled since January 26, 2009, rather than 1990. He also dislikes the advisor's recommendation that a medical review be performed in twenty-four months, since improvement may occur. Polonczyk argues that his condition is permanent and will never improve, because he suffered brain damage in 1990. He demands that the SSA notify him of any secret treatment or medication that can cure his brain damage.

Judge Walker has recommended that this Court dismiss Polonczyk's Complaint for lack of subject matter jurisdiction, because Polonczyk's claims concerning the 1998 determination that he was no longer entitled to benefits and the February 2009 dismissal are untimely and Polonczyk failed to exhaust his administrative remedies. *See* 42 U.S.C. § 405(g). Furthermore, to the extent that Polonczyk seeks review of the 2010 decision that he was disabled, Judge Walker has determined that Polonczyk's Complaint is premature.

Polonczyk has objected to the Report and Recommendation, asserting that he is not seeking judicial review; rather, his claim is a civil lawsuit against the SSA. He also filed a Motion seeking a change of venue to another district court, because he

believes that Judge Walker's Report and Recommendation demonstrates that this Court is biased against him. He has also asked the Court to strike the Commissioner's response to his Motion to Change Venue, because he contends that the SSA has treated him unfairly.

42 U.S.C. § 405(h) precludes federal-question jurisdiction over lawsuits that seek to recover Social Security benefits. *Weinberger v. Salfi*, 422 U.S. 749, 756-57 (1975). Furthermore, 42 U.S.C. § 405(g) provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

A claimant is required to complete a four-step administrative review process in order to obtain a final decision capable of judicial review: (1) an initial determination; (2) reconsideration; (3) administrative hearing; and (4) appeals council review. 20 C.F.R. §§ 404.900, 416.1400. Thus, a district court only has jurisdiction to review an SSA decision where the claimant has exhausted his administrative remedies. *Muse v. Sullivan*, 925 F.2d 785, 791 (5th Cir. 1995).

In "certain special cases," a court can waive the exhaustion requirement, even where the Commissioner has refused to do so. *Heckler v. Ringer*, 466 U.S. 602, 618 (1984). For example, if the claim at issue is a constitutional challenge collateral to a substantive claim of entitlement to benefits and the injury suffered cannot be remedied by the retroactive payment of benefits after exhaustion of administrative remedies, a court may consider the claim even if it would otherwise be barred by the exhaustion

requirements. *Bowen v. City of New York*, 476 U.S. 467, 483 (1986).

It appears that Polonczyk is seeking waiver, since he argues that his claim is not one for benefits but an independent civil action against the SSA. However, the relief he seeks in his Complaint refutes this assertion. In his Complaint, Polonczyk states, "The plaintiff humbly asks this court to review the plaintiff's disability records and judge accordingly." He also requests that all persons handling his claims for benefits in Texas, Louisiana, and Mississippi be "charged pursuant to the ADA with deliberate attempts to keep the disabled from receiving their benefits." He seeks an injunction to keep the SSA from withholding funds as a result of the alleged overpayment of benefits. He also seeks repayment of all funds (totaling approximately $9500) that have been collected to reimburse the SSA for overpayment of benefits. In addition, he seeks twenty years of past benefits in the amount of $1600 per month. He also seeks Medicare benefits in the amount of $15,000, and damages for the loss of five vehicles totaling $135,000.[1]

In order to provide the relief sought by Polonczyk, this Court would be required to review the actions of the SSA spanning a period of approximately thirteen years. Moreover, Polonczyk specifically seeks past benefits as well the reimbursement of funds that were allegedly withheld due to past overpayment of benefits. Thus, Polonczyk does in fact seek judicial review. Therefore, this is not one of those special cases in which the court is permitted to waive the exhaustion requirement.

---

[1] Polonczyk does not explain how the loss of vehicles occurred or how that loss could be attributed to the SSA.

Polonczyk's claims pertaining to the 1998 decision that he was no longer entitled to benefits as well as the alleged determination that he had been overpaid benefits are untimely.  *See* 42 U.S.C. § 405(g).  His claims concerning the 2008 Order of Dismissal are likewise untimely.  *See id.*  Furthermore, Polonczyk has not exhausted his administrative remedies with regard to his claim that the 2010 attorney advisor decision is incorrect. That decision was classified as fully favorable, and the decision noted that Polonczyk claimed in his application that he had been disabled since January 26, 2009, which is the same date that the attorney advisor found to be the date of onset.  Nevertheless, Polonczyk was clearly notified that, if he disagreed with that decision, he could submit a written request for a hearing in thirty days, but he filed this lawsuit instead.  As a result, Judge Walker correctly held that this portion of Polonczyk's claim was premature.

Because Polonczyk has failed to follow the proper procedures required to pursue his claims for benefits, this Court does not have the power to adjudicate his claims. Furthermore, the Court does not have the authority to transfer his case to another district court, and in any event, other district courts would also lack jurisdiction to hear his claims.  As a result, Polonczyk's Motion to Change Venue must also be denied. Finally, Polonczyk has not demonstrated sufficient grounds for striking the Commissioner's response to his Motion to Change Venue, given that the response was timely and properly filed.  The fact that Polonczyk may disagree with the Commissioner's position in this case is not grounds for striking a response.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Report and Recommendation [47] entered by United States Magistrate Judge Robert H. Walker on March 3, 2011, is **ADOPTED** as the opinion of this Court.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Motion to Change Venue [49] and the Motion to Strike [53] filed by Kim Anthony Polonczyk are **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that Polonczyk's dispositive Motions [24], [25], [26], [32], [40], [41], and [42] are **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Motion to Dismiss [36] filed by Michael J. Astrue, Commissioner of Social Security is **GRANTED**. This case is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**SO ORDERED AND ADJUDGED** this the 11th day of April, 2011.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE